[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2008
THOMAS K. KAHN
CLERK

No. 06-12984

D. C. Docket No. 98-00063-CV-6

SHERNIKA HOLTON,
SPENCER WILSON,
SANDRA MCINTYRE,
MARY HILL,
WILLIE MAE LEWIS,
SHARON BOSTICK,
THE THOMAS COUNTY BRANCH OF THE NAACP,
GLADYS SHOTWELL,
AUDREY LINDER,
LISA WEBB,
JENNIFER HIGHTOWER,
EVELYN WILKERSON,

Plaintiffs-Appellants,

versus

CITY OF THOMASVILLE SCHOOL DISTRICT,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Georgia

_____

**<u>ON PETITION(S) FOR REHEARING</u>**[*]

Before EDMONDSON, Chief Judge, TJOFLAT and GIBSON,[**] Circuit Judges.

PER CURIAM:

Briefly stated, we, in our more recent opinion (490 F.3d 1257) in this case, affirmed the District Court's decision dealing with whether the school district's use of ability grouping either presently discriminates intentionally against black students or reflects–per the <u>McNeal</u> decision–the present result of past unlawful segregation in the district.

Plaintiffs say, in part, that we were wrong to represent that, if present intentional racial discrimination by the school district has been a motivating factor

---

[*] Plaintiffs have filed only a Petition for Rehearing En Banc. A petition for rehearing en banc, however, "will also be treated as a petition for rehearing before the original panel." 11th Cir. R. 35-5.

[**]Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

in the present racial imbalance in classes, the federal courts could do nothing if other causes also contributed substantially. We did not intend to say that. The opinion writer was shifting between two ideas: present discriminatory intention and present results of past discrimination.

Still, it is hard to be always clear. And we do not wish to be confusing. So, if the opinion–taken as a whole–can be read to say something like what plaintiffs suggest, we write today to say that the opinion should not be read to have decided such a thing. We did not need to be or mean to be innovative.

For the ability grouping, the district court, as a matter of fact, has repeatedly found no present intent to discriminate on account of race. Given the whole evidence, that finding is not clearly erroneous. Everything we wrote last July must be taken in that context. We stand by our decision.

Petition for Rehearing **DENIED.**

ENTERED FOR THE COURT:

/s/ J.L. Edmondson

_____

CHIEF JUDGE

3